# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JASON C. DOOLEN,

        Plaintiff(s),

v.

BANK OF AMERICA,

        Defendant(s).

2:14-CV-716 JCM (VCF)

## ORDER

Presently before the court is defendant FIA Card Services, N.A.'s motion to set aside clerk's entry of default.[1] (Doc. # 10). Also before the court is *pro se* plaintiff Jason C. Doolen's motion for default judgment. (Doc. # 8).

**I.     Background**

On May 7, 2014, plaintiff filed a complaint against defendant. (Doc. # 1). Plaintiff properly served the defendant on May 16, 2014. (Doc. # 4). Pursuant to Federal Rule of Civil Procedure 12(a), a defendant is allotted twenty-one days to file an answer or responsive pleading.

Defendant did not file an answer or responsive pleading within twenty-one days of being served with the complaint. As a result, plaintiff filed a motion for the entry of clerk's default. (Doc. # 6). The clerk subsequently entered default against defendant on June 16, 2014. (Doc. # 7). A week after the entry of clerk's default, plaintiff filed his motion for default judgment. (Doc. # 8). On July

---

[1] While plaintiff refers to defendant as "Bank of America," defendant has clarified that "FIA Card Services, N.A." is the precise entity at the center of this dispute. (Doc. # 10).

**James C. Mahan**
**U.S. District Judge**

1  10, 2014, defendant filed its motion to set aside the default. (Doc. # 10).

2  **II.     Legal Standard**

3        Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default
4  for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party
5  seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had
6  no meritorious defense; or (3) whether reopening the default judgment would prejudice the other
7  party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091
8  (9th Cir. 2010) (citation and internal quotations omitted). "[J]udgment by default is a drastic step
9  appropriate only in extreme circumstances; a case should, whenever possible, be decided on the
10 merits." *Id.*

11       While the court considers the same factors prior to vacating an entry of default as it would
12 a default judgment, the test is less stringent when a default judgment has not been entered. *See Haw.*
13 *Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion
14 is especially broad where . . . it is entry of default that is being set aside, rather than a default
15 judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

16 **III.    Discussion**

17       The court will address each of the three factors in turn.

18       *A.     Culpable Conduct*

19       "A defendant's conduct is culpable if he has received actual or constructive notice of the
20 filing and *intentionally* failed to answer." *Mesle*, 615 F.3d. at 1092. "[T]o treat a failure to answer
21 as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the
22 opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."
23 *Id.* (citation and internal quotations omitted).

24       The communications between the parties indicate that they intended to submit a stipulation
25 which would have extended defendant's answer date to July 10, 2014. (*See* doc. # 10, ex. A). Though
26 this stipulation was never filed, the court finds that defendant did not *intentionally* fail to answer or
27 act in bad faith. Thus, the court is not inclined to punish defendant with an adverse judgment.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

  *B.  Meritorious Defense*

  "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." *Mesle*, 615 F.3d at 1094.

  Defendant has outlined a defense that it intends to put forward in response to plaintiff's complaint, arguing that plaintiff's allegations fail to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2). (Doc. # 10 at 4). Therefore, defendant has met its minimal burden of demonstrating a potentially meritorious defense.

  *C.  Prejudice*

  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id.*

  At this early stage in the proceeding, plaintiff has incurred minimal costs and expended minimal resources. By setting aside the default, plaintiff is merely forced to litigate the lawsuit in the way he initially intended. In addition, plaintiff set forth in his motion for default judgment that he "would prefer that this case be decided upon its merits and has every confidence it [sic] would prevail at trial." (Doc. # 8 at 5). As there is a strong policy favoring the adjudication of claims on their merits instead of procedural technicalities, the court finds there would be no prejudice to plaintiff by setting aside the default.

  Accordingly,

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set aside default (doc. # 10) be, and the same hereby is, GRANTED.

  IT IS FURTHER ORDERED that plaintiff's motion for default judgment (doc. # 8) be, and the same hereby is, DENIED.

. . .

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that defendant file an answer to plaintiff's complaint within
2  fourteen (14) days of the entry of this order.
3  DATED July 29, 2014.

*James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -